U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Juan Jimenez,<br>　　　Plaintiff(s)<br><br>v.<br><br>Ameriserve Commercial, LLC<br>d/b/a Georgia Air & Refrigeration<br>　　　Defendant | Case No: 8:25-cv-2864 |

## COLLECTIVE ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Juan Jimenez, sues Defendant, Ameriserve Commercial, LLC, a Delaware corporation, for himself and on behalf of all those similarly situated, as follows:

### PRELIMINARY STATEMENT

1.　　Defendant operates a commercial air-conditioning service in Georgia, Florida, the Carolinas, Alabama, and Tennessee under the trade names "Georgia Air & Refrigeration" and "GARS," and variations thereof.

1

2.      The named Plaintiff was employed by Defendant as an HVAC technician.

3.      Defendant violated the Fair Labor Standards Act ("FLSA") with respect to Plaintiff and those similarly situated by failing to properly compensate Plaintiff minimum age for all hour worked and failing to compensate them properly for overtime worked. The issues arose from, without limitation, the Defendant's failure to properly documents and pay for all hours worked and for travel time.

JURISDICTION

4.      Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b) (the jurisdictional provision of the Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 concerning federal question jurisdiction, and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

PARTIES

5.    Plaintiff and those similarly situated ("Plaintiffs") were employed by Defendants within the three years preceding the filing of this complaint and worked as HVAC service technicians.

6.    Defendant is a Delaware limited liability company with its principal place of business in Grayson, Georgia.

7.    Plaintiff has retained the undersigned counsel's firm and agreed to pay it a reasonable fee for its services.

8.    At all material times, Defendant had annual sales or business done of more than $500,000.

9.    At all material times, Defendant was an "employer" as defined by the FLSA.

10.    At all material times, Plaintiffs were "employees" of Defendant as defined by the FLSA.

11.    At all material times, Defendant was the Plaintiffs' "employer" as defined by the FLSA.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this matter pursuant to federal question jurisdiction, 28 U.S.C. § 1331, because it raises claims under the FLSA.

13.    Venue is proper in the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in Florida, where the named Plaintiff was employed.

14.    This Court has personal jurisdiction over Defendant because it maintains active offices for the conduct of business in Florida, including in Orlando, Tampa, and Jacksonville.

## FLSA COVERAGE

15.    At all material times, Plaintiffs were engaged in interstate "commerce or production of goods for commerce" as defined by the FLSA. Therefore, Plaintiffs are subject to individual coverage under the FLSA. Examples of Plaintiffs engaging in commerce or the production of goods for commerce include, without limitation:

  a. Being employed by Defendant, which is itself an inter-state company with operations in Georgia, Florida, and at least four other states;

  b. Installing and servicing equipment manufactured outside the state of installation; and

  c. Providing services to customers who are located outside the state in which the services are performed.

16. In addition, the Defendant has an annual dollar volume of sales or business done of at least $500,000 and has at least two employees. Therefore, Defendant is subject to Enterprise Coverage under the FLSA.

## FACTS

17. Defendant's business is primarily in installation and servicing of commercial refrigeration systems such as those found in restaurants and other facilities where cold storage is required.

18. Plaintiffs regularly traveled outside their local areas to provide services on HVAC equipment for Defendant.

19. Plaintiffs were compensated on an hourly basis.

20.     Defendant engaged in a variety of practices to avoid paying minimum wage and overtime to Plaintiffs, including without limitation:

   a.  No counting compensable travel time as hours worked;

   b.  Unilaterally reducing or not paying Plaintiffs for all work hours submitted; and

   c.  Instructing Plaintiffs not to report drive time as hours worked, regardless of the length of time or circumstances.

21.     The Defendant acted willfully in reckless disregard for the fact that their pay practices violated the FLSA.

22.     Plaintiffs have or will consent to the undersigned firm pursuing this claim on their behalf.

## COUNT I - OVERTIME

23.     This is a cause of action for unpaid and underpaid overtime in violation of the FLSA.

24.     Plaintiffs restate the allegations of paragraphs 1 through 22, above.

6

25.     Defendants failed to compensate Plaintiffs at 1.5 times their hourly rate for hours worked in excess of 40 per week as required by the overtime requirements of the FLSA.

## COUNT II – MINIMUM WAGE

26.     This is a cause of action for unpaid and underpaid minimum wage in violation of the FLSA.

27.     Plaintiffs restate the allegations of paragraphs 1 through 22, above.

28.     Defendants failed to compensate Plaintiffs for all hours worked at a rate at least the minimum wage required by the FLSA.

WHEREFORE, the named Plaintiff prays for relief as follows:

   a. Designating this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency

of this action, and permitting them to assert timely FLSA claims by filing individual consent forms;

b. Finding that Defendants violated the overtime and minimum wage requirements of the FLSA with respect to Plaintiffs;

c. Judgment against Defendant in the amount of the named Plaintiff's and the putative Plaintiffs unpaid/underpaid overtime and minimum wage for the past three years, plus liquidated damages in an equal amount;

d. Pre- and post-judgment interest;

e. Attorneys' fees and costs; and

f. Such other relief as the Court may deem appropriate and just.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

### NOTICE OF DESIGNATION AS LEAD COUNSEL

The undersigned is designated as lead counsel for Plaintiffs.

Respectfully submitted October 21, 2025.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
REED MAWHINNEY & LINK
53 Lake Morton Drive, Suite 100
Lakeland, FL 32803
Office: 863-687-1771
Mobile: 863-288-0234
Service emails:
Kemp@PolkLawyer.com
JKBService@PolkLawyer.com
Counsel for Plaintiff